# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TONI OWENS, | ) |
|     Plaintiff, | ) |
| v. | ) No. 14-cv-2940-SHL-dkv |
| AMEDYSIS HOLDING, LLC, | ) |
|     Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMENDATION

Before the Court is Chief Magistrate Judge Vescovo's Report and Recommendation (the "R&R"), submitted on April 20, 2016. (ECF No. 36.) In the R&R, Judge Vescovo recommends granting Defendant's Motion for Summary Judgment on Plaintiff's claims. Plaintiff filed objections to the R&R on May 11, 2016. (ECF No. 42.) Defendant filed its response to Plaintiff's objections on May 25, 2016. (ECF No. 43.) The Court finds that Plaintiff's vague and conclusory objections are meritless. Therefore, the Court **ADOPTS** the R&R in its entirety. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion for summary judgment. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further

evidence or recommit the matter to the magistrate judge with instructions.  Id.  When neither party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard.  Thomas, 474 U.S. at 150.

The motion at issue is one for summary judgment.  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Although hearsay evidence may not be considered on a motion for summary judgment, Carter v. Univ. of Toledo, 349 F.3d 269, 274 (6th Cir. 2003), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The court is to view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once a properly supported motion for summary judgment has been made, the party opposing summary judgment must show that there is a genuine dispute of fact by pointing to evidence in the record or by showing that the motion does not show that the facts are undisputed.  Fed. R. Civ. P. 56(c)(1).  If the nonmovant fails to properly respond to a motion for summary judgment, a court may treat the facts alleged by the motion as undisputed.  Fed. R. Civ. P. 56(e)(2).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The court's role is not to weigh evidence or assess credibility of witnesses, but simply to determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Kroll v. White

Lake Ambulance Auth., 763 F.3d 619, 623 (6th Cir. 2014) (quoting Anderson, 477 U.S. at 251–52).

**FINDINGS OF FACT**

The Court briefly summarizes the facts, as outlined in Defendant's Statement of Undisputed Material Facts and accepted by Judge Vescovo:

Defendant is a company that provides home health and hospice care. (ECF No. 36 at 3.) Plaintiff is an African-American female who was hired by Defendant as a "Hospice Registered Nurse Case Manager" on November 3, 2008. (Id. at 4.) Plaintiff's job was to provide hospice related services at patients' homes. During the course of her employment with Defendant, Plaintiff was the subject of several disciplinary actions; however, none of her prior disciplinary actions are related to the conduct for which Defendant terminated Plaintiff.[1] (See ECF No. 36 at 6.)

On March 7, 2013, Plaintiff's supervisor received a complaint from a co-worker that would lead to Plaintiff's termination. On that day, a co-worker named Lisa Depperschmidt told Plaintiff's supervisor that Plaintiff confessed to Ms. Depperschmidt that Plaintiff had been falsifying her reports to reflect that she performed visits after 5:00 PM in order to obtain "premium pay" for "after hours" visits. (Id.) Based on Ms. Depperschmidt's allegations, Plaintiff's supervisor checked the electronic records of Plaintiff's patient visits and discovered

---

[1] Plaintiff received her first disciplinary action on August 12, 2009, for "failing to complete a patient discharge form, failing to adhere to Amedisys's document correction policies, and for using her personal cell phone and laptop during working hours." (ECF No. 36 at 6.) On July 15, 2011, Plaintiff was disciplined in response to patient complaints about her demeanor. (Id.) On September 25, 2012, Plaintiff was disciplined for failing to inform her superiors of a personal appointment. (Id.) On September 27, 2012, Plaintiff was disciplined for submitting inaccurate time sheets. (Id.)

3

that the records of three of Plaintiff's patient visits contained significant discrepancies in their timing. (Id. at 7.)

Defendant's clinicians, such as Plaintiff, use electronic tablets to manually record the start and end times of their visits to patient homes. (Id. at 4.) The patient or patient's caregiver, who could be a family member or an employee at a nursing home, also signs the tablet electronically to acknowledge that services were rendered. (Id. at 5.) The document that the patient or caregiver signs is called an Activity Sheet. (Id. at 4.) Although the clinicians manually input the start and end times into the Activity Sheets, the tablet software automatically records the time of a patient or caregiver signature. (Id. at 6, n. 2.)

According to Plaintiff's supervisor, on January 18, 2013, the caregiver signed Plaintiff's tablet at 12:37:48 PM, but Plaintiff recorded the visit as starting at 5:34 PM and ending at 6:45 PM. (Id. at 7.) On that same day on a visit to another patient, the caregiver signed the tablet at 12:36:37 PM, but Plaintiff recorded this visit as starting at 6:48 PM and ending at 7:50 PM. (Id.) The third visit took place on February 22, 2013. (Id.) During that visit, the caregiver signed the tablet at 2:37:54 PM, but Plaintiff recorded the start time as 6:20 PM and the end time at 7:20 PM. (Id.) Plaintiff's supervisor also contacted the patient caregiver at the nursing home that Plaintiff had visited on those dates, and the caregiver confirmed that Plaintiff had not conducted any patient visits after 6:00 PM on any day at her facility. (Id. at 8.) Based upon this evidence, Defendant terminated Plaintiff on March 18, 2013, for falsifying her Activity Sheets. (Id.)

Plaintiff failed to respond to Defendant's Motion for Summary Judgment, and therefore Judge Vescovo treated the facts stated above as undisputed. Plaintiff objected to the R&R, but her objections do not raise a dispute of fact sufficient to defeat summary judgment. First, most of her objections are conclusory statements that lack any citations to the R&R or the record. As

4

such, the Court is within its discretion to reject them out of hand. See Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002); ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object."); see also Martin v. LaBelle, 7 F. App'x 492, 494 (6th Cir. 2001) ("[A] general objection to the entirety of the magistrate's report [] has the same effect as would a failure to object." (internal quotation marks omitted)).

Not only are Plaintiff's objections unsupported by any citations, but they are also substantively meritless – even under *de novo* review. Plaintiff criticizes Defendant for relying on information from Lisa Depperschmidt, the woman who informed on her, somehow concluding that the fact that Ms. Depperschmidt informed on her demonstrates that she did not actually falsify her Activity Sheets. In addition, Plaintiff finds fault with Defendant's failure to notify Plaintiff that Ms. Depperschmidt was the one who reported her for falsifying her Activity Sheets and points out that Ms. Depperschmidt was fired not long after Plaintiff was fired. (ECF No. 42-1 at ¶¶ 3–4.) Plaintiff contends that she never falsified anything and that she was merely doing what others did to produce satisfactory results for Defendant. (Id. at ¶ 8.) She stated that she "never improperly charged for my time or kept inaccurate records, however, I did attempt to utilize my time in accord with Defendant's request." She also asserted that her "time was reviewed at least weekly by my supervisor for months without incident." (Id.) None of these contentions, however, are accompanied by citations to evidence for support.

Moreover, given the evidence that is cited in Defendant's Statement of Undisputed Facts and relied upon the R&R, Plaintiff's assertions fail to create a dispute of fact. Plaintiff's supervisor confirmed Ms. Depperschmidt's story using electronic records of Plaintiff's patient visits and telephone calls to a third party. Therefore, Defendant confirmed Ms. Depperschmidt's

accusations with objective evidence. Plaintiff's unsubstantiated statements fail to contradict the fact that the records showed gross inconsistencies in her Activity Sheets and that a third party confirmed that Plaintiff had, in fact, never visited the patients in question after 6:00 PM. Therefore, the Court accepts the R&R's findings of fact in their entirety.

## CONCLUSIONS OF LAW

As a preliminary matter, Plaintiff has not objected to the R&R's dismissal of her color discrimination claim. The Court has reviewed said dismissal for clear error, and has found none. Therefore, summary judgment for Defendant on Plaintiff's color discrimination claim is hereby **GRANTED**.

The R&R also held that, given the undisputed facts, Plaintiff did not present a *prima facie* case for race discrimination because she did not show that Defendant replaced her with someone of a different race or treated her differently than a similarly situated person of another race. The R&R also concluded that, even assuming *arguendo* that Plaintiff had presented a *prima facie* case for racial discrimination, Defendant put forward an unrebutted, nondiscriminatory reason for Plaintiff's termination. It therefore recommended summary judgment on Plaintiff's race discrimination claim.

There is no direct evidence that Plaintiff was discriminated against in this case. To present a *prima facie* case for indirect discrimination, a plaintiff must show that, 1) she is a member of a protected class, 2) she was subject to an adverse employment action, 3) she was qualified for the position she occupied and 4) that the defendant treated a similarly situated employee outside of the plaintiff's protected class more favorably than the plaintiff. Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010). Once a plaintiff establishes a *prima facie* case for discrimination, the burden shifts to the defendant to put forward a legitimate, non-

discriminatory reason for plaintiff's treatment.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03 (1973); Serrano v. Cintas Corp., 699 F.3d 884, 893 (6th Cir. 2012).  Once the defendant does so, the burden then shifts to the plaintiff to show that the defendant's proffered non-discriminatory reason is mere pretext for a discriminatory motive.  McDonnell Douglas, 411 U.S. at 803; Serrano, 699 F.3d at 893.

Plaintiff apparently objects to the R&R's determination that she did not properly allege disparate treatment between her and a similarly situated person of a different race.  Without mentioning the R&R's conclusion on the subject, Plaintiff's objection states that, "Lisa Depperschmidt, Charles Reyes, and I all had the same job.  We all used the same reporting procedures for our hospice visits."  (ECF No. 42-1 at ¶ 6.)  According to Plaintiff, Charles Reyes "was employed in the same job, male Hispanic, age about 50, who resigned from working with the Defendant not long after my termination."  (Id. at ¶ 5.)  She also states, "I know from speaking with them that two white employees had the same issues as I with respect to obtaining signatures from staff, relatives, and others so that the time could be shown for sufficient production."  (Id. at ¶ 8.)  These assertions are similar to the ones made in her Complaint, where she stated that, she and "[a] white and a hispanic [sic] male" would report timing discrepancies because they would obtain client signatures at the beginning of their patient visits.  (See ECF No. 1 at 3.)  The Court interprets Plaintiff's assertions to mean that she believes that she engaged in the same conduct as Ms. Depperschmidt and Mr. Reyes.  No other employees have been mentioned by name.

Even considering Plaintiff's vague assertions as valid objections to the R&R and applying *de novo* review, such assertions fail to identify a similarly situated person who is a proper comparator to which she can point as evidence that she was treated differently because of

7

her race. A proper comparator is one who is "'similarly situated [to a plaintiff] in all relevant aspects.'" Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 917 (6th Cir. 2013) (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 710 (6th Cir. 2006)). To be similarly situated, "'the plaintiff and comparator must have engaged in acts of comparable seriousness.'" Wright, 455 F.3d at 710 (quoting Clayton v. Meijer, Inc., 281 F.3d 605, 611 (6th Cir. 2002)). "To make this assessment, a court must look to certain factors, such as whether the individuals have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (internal quotation marks omitted).

Here, Plaintiff has failed to show that either Ms. Depperschmidt or Mr. Reyes is a proper comparator. Besides the significant lack of information about their work history or disciplinary records, there is no evidence that either Ms. Depperschmidt or Mr. Reyes engaged in the same conduct for which Plaintiff was fired – falsifying Activity Sheets in order to obtain after-hours pay. Instead, Plaintiff asserts that the conduct that she, Ms. Depperschmidt and Mr. Reyes engaged in was obtaining caregiver signatures at the beginning of patient visits. The objective evidence demonstrates that the caregiver signatures on Plaintiff's Activity Sheets were <u>many</u> hours before her shift purportedly began, <u>not</u> at the beginning of the patient visits. Thus, if Ms. Depperschmidt and Mr. Reyes obtained signatures at the beginning of their shifts, as specifically contended by Plaintiff, such acts were not the same. The R&R was correct in concluding that Plaintiff had not shown that she and Ms. Depperschmidt or Mr. Reyes had engaged in acts of "comparable seriousness," and no reasonable jury could conclude that Plaintiff presented a *prima facie* case for racial discrimination. Therefore, her claims fail as a matter of law.

8

Alternatively, summary judgment is also proper because Defendant put forward a legitimate, nondiscriminatory reason for Plaintiff's termination, and Plaintiff failed to show that Defendant's proffered reason for her termination was pretextual.  As discussed previously, it is undisputed that Defendant terminated Plaintiff for falsifying her Activity Sheets, which is a legitimate, non-discriminatory reason for Plaintiff's termination.  Plaintiff's objections argue, with no citations or evidence, that she was terminated for next to nothing, and that Defendant maintained a coercive environment for African Americans.  (ECF No. 42-1 at ¶ 10.)  Given the objective evidence supporting Defendant's proffered reason for terminating Plaintiff, and the seriousness of Plaintiff's offense, Plaintiff's bald assertions would not lead a reasonable jury to conclude that Defendant's nondiscriminatory reason for terminating Plaintiff is pretextual.  Thus, summary judgment is appropriate on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R in its entirety.  Defendant's Motion for Summary Judgment on Plaintiff's claims is hereby **GRANTED**.

**IT IS SO ORDERED,** this 17th day of June, 2016.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE